IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ZACHERY HALSELL #1653953 § | |
| § | |
| V. § | A-13-CA-455-LY |
| § | |
| ALLISON TAYLOR, § | |
| DEBORAH MORGAN and § | |
| LISA WORRY § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Estelle Unit of the Texas Department of Criminal Justice - Correctional Institutions Division.[1]

---

[1] On December 29, 1994, Plaintiff was convicted of attempted murder, indecency with a child, aggravated sexual assault of child and intentional exposure to AIDS. He was sentenced to ten years in prison in each case. After Plaintiff served his criminal sentences, the State of Texas filed a petition to civilly commit Plaintiff as a sexually violent predator. After a jury trial, the trial court entered a final judgment and order of civil commitment. Plaintiff subsequently pleaded guilty, was convicted in Tarrant County, Texas, of violating the civil commitment order and was sentenced to 45 years in prison. He is currently serving this sentence. See Halsell v. Thaler, No. 3:12-CV-4963-B

Plaintiff sues Allison Taylor, Deborah Morgan and Lisa Worry of the Office of Violent Sex Offender Management.  Plaintiff alleges:

> Challenge the unconstitutionality of the biennial Review procedures and the lack of due process.  Plaintiff claim cruel and unusual Punishment under the Eighth Amendment.  The defendants actions were "motivated by evil motive or intent" and reckless, callous. indifference in my rights. Deprive Plaintiff Rights, Privileges or immunities secured by the constitution and laws.  Shall be liable to the Party injured in an action at law, suit in equity, or other proper proceeding for redress.  Plaintiff suffer Mental Anguish, Mind Grain Head Aches, Loss of Sleep do to knightmares and emotion strain.  Plaintiff would respectfully request the court and jury to consider the Amount of the loss Plaintiff have incurred in the past and will incurr in the future.  Violate Plaintiff Fourteenth Amendment to the constitution guarantee everyone equal protection of the law.

Plaintiff further alleges the defendants perjured themselves at an unspecified judicial proceeding in an affidavit.  Plaintiff requests the Court to correct the injustice that is "civil commitment."  He requests that he be allowed to complete the program, discharge his term of civil commitment and go home.[2]  He also seeks compensatory and punitive damages.

After consideration of Plaintiff's complaint, he was ordered to file a more definite statement. Plaintiff's more definite statement is not any clearer than his original complaint.  Plaintiff does, however, state the defendants violated his constitutional rights on March 20, 2010.

## DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief

---

(N.D. Tex.).

[2] To the extent Plaintiff requests to be allowed to complete his term of civil commitment, his request is moot in light of his 45-year sentence for violating the terms of his civil commitment order.

may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B. Eleventh Amendment Immunity

Being sued in their official capacities for monetary damages, Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).

C. Statute of Limitations

Plaintiff's claims against the defendants in their individual capacities are barred by the applicable statute of limitations. There is no federal statute of limitations for § 1983 actions. Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir. 1991), cert. denied, 501 U.S. 1235 (1991). Therefore, the Supreme Court has

directed federal courts to borrow the forum state's general personal injury limitations period. Owens v. Okure, 488 U.S. 235, 249-50 (1989). In Texas, the applicable limitations period is two years. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)). Nevertheless, federal law determines when a § 1983 cause of action accrues. Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir . 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. Piotrowski, 51 F.3d at 516.

Plaintiff alleges the defendants violated his constitutional rights on March 20, 2010. Therefore, Plaintiff had until March 20, 2012, to file his civil-rights lawsuit. Plaintiff executed his civil-rights complaint on May 23, 2013, more than a year after the limitations period expired.

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims against the defendants in their official capacities be dismissed without prejudice for want of jurisdiction. It is further recommended that Plaintiff's claims against the defendants in their individual capacities be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e), because they are time-barred.[3]

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant

---

[3] Plaintiff also fails to state a claim upon which relief can be granted. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007). The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff's allegations are insufficient to state a claim.

monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ

- Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 10th day of July, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE